Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open and calling to law. God save the United States in this honorable court. Good morning. This is Judge Wilson in Tampa, Judge Grant in Atlanta, and Judge Schoflat is in Jacksonville. And we have four appeals that are scheduled for oral argument this morning. Counsel, I would advise you that we have read the briefs. We have also examined relevant parts of the record. That will assist you in narrowing the focus of your arguments for the time that you have available for your arguments. Ms. Geddes is the courtroom deputy, and she will serve as the timekeeper. And she will let you know when your time to argue has expired. And she will also give you a two-minute warning before that. So it looks like we're ready to proceed with the first case. First case is Susan Lynn Rohe v. Wells Fargo Bank. Lee Robert Rohe is here for Appellant Rohe, and Dean Angelo Marande is here for Wells Fargo Bank. And Mr. Rohe, you may proceed. Thank you, Your Honor. May it please the court. Lee Rohe on behalf of Appellant Susan Rohe. I've asked for a five-minute rebuttal in my presentation. This case is about the appellant finding herself in a procedural corner. It's due to the appellee's unwillingness to honor the bankruptcy stay. This case also involves what some courts have called the outlier decision of the third DCA's 1982 shop in the grove reunion federal savings and loan case, which did not recognize bankruptcy stays if a debtor happened to be also an appellant in a state court appeal by the third DCA. Because of that case, over the years since 1982, the third DCA has followed that case up until very recently. And during the time of our case, they were apparently following it, although we never did get anything more than summary denial of any motions we made. But the case concerns also violations of the state law by the appellee. And there were violations, or I should say the state appellate court and the state trial court ignored the automatic stay. So what's the status of the state court proceedings now, right now? In the appellate court, the appellate court considers the case closed because they issued a PCA without opinion a month after we had removed the case from the appellate court to the federal court. And they did that after proceedings were initiated in federal court. And that's the basis for your argument that this case does not fall within the Rooker-Fellman doctrine? Yes, sir. As well as we're not here complaining of a state trial court's judgment, we're here on the basis of trying to get relief from this dilemma we found ourselves in with the failure to follow the automatic stay. Why don't you address the waiver argument that Wells Fargo makes? Wells Fargo says that Ms. Rowe waived her argument against applying Rooker-Fellman by withdrawing her motion for reconsideration before appealing. Yes, your honor. The waiver argument came from a case, first of all, where a case was a regular case in that it began and proceeded through the process and then reached a final judgment. So that's one distinction. And there were five exceptions listed in that case. And we submit that the second exception applies to us. But the thing is that we did move for reconsideration. And the motion after the lower, after the district court judge denied our petition for writ, sua sponte, with, you know, prejudice, we went ahead anyway and moved for reconsideration. But that motion sat there for a month. And I became worried about the appeal time. So we decided to withdraw that motion for reconsideration in order to perfect the appeal to your court, this court. And the later on, not very few days later, we had filed a motion for stay before the lower court. And the answer from the lower court was, this case is closed. I don't have jurisdiction to entertain any motions. How do you get around Brad versus McMillan? Didn't we say in that case that waiver applies to a failure to move for reconsideration? Well, for those reasons, I just mentioned that really, we did move for reconsideration, but we found ourselves in a in an unusual situation where the court had actually taken our petition for writ before any response from the appellee and dismissed it sua sponte with prejudice. And that would be a distinguishing feature of our case from the McBride case to be a major distinguishing feature. In other words, we didn't. To move for reconsideration under the circumstances, we did do it, but I don't think that it was mandatory for us. Didn't you raise these same issues in another case in the district court, right? The same issues? Yes. In the third district court of appeal, we did call to the court's attention that, you know, there was a stay in effect, automatic bankruptcy stay, and that we then tried to take a very respectful approach by asking for an extension of time from the third DCA. And all of those extensions of time motions were denied and actively opposed by the appellee. And yet, there was no response from the court other than summary denial of our motions. No response explaining, well, we're under shop in the grove or, you know, you don't have a whatever. So, we were left, you know, uncertain as to what was going on with our case in the third DCA. And then finally, we removed it because the appellee had filed a proof of claim in the appellant's bankruptcy case. And the proof of claim was completely contrary to the record of the case that was in the third DCA. But there is the parallel case that was removed to the bankruptcy court, and then just a few days ago, the federal district court issued an order, correct? Oh, I'm sorry. Yes, what happened was we have two appeals. This one had an appeal from the bankruptcy judge orders that he issued. And that appeal went to district court in Miami to Judge Scola. And Judge Scola just recently issued, I think December 7th it was, his decision on that. And in there, he says, I'm staying away from the issues that the 11th Circuit is going to consider. So, that case though is, the appeal time is not run on it, nor has the motion for reconsideration run on it yet. Because isn't, in an all writ sex case, isn't an important part, that's actually, of course, an extraordinary remedy, isn't part of what we need to consider, whether you have another way to seek relief, and wouldn't that other court proceeding be an alternative way to seek relief? Well, yes, the appellee argued that we had other methods of relief, but never specified them. What I found was that we were between a rock and a hard place when here we had the appellee in the third DCA advancing the appeal to a conclusion, which they did, and then going immediately down to the state trial court and getting an order to sell the home. While we were faced with this lack of enforcement of the stay, we made a motion for enforcement with the bankruptcy judge. And at the same time that he heard that he heard Wells Fargo's motion to granted that, and then he decided our motion for enforcement of the stay was moved after we had spent months without an automatic stay. And, you know, this kind of strange too, because in the third DCA, Wells Fargo was, you know, conducting itself as if no stay applied, but yet bankruptcy force and the parallel bankruptcy court case, they moved to lift the stay. So on one hand, they acknowledged it was a stay, on the other hand, they did not. Yeah, so the, what I guess your original question, the Judge Scola decision considered only certain issues, and as far as we were concerned, we were left with no remedy in the if I had taken the usual remedy, which was an appeal of Judge Crystal's bankruptcy court order, saying, you don't have a motion to stay anymore, because it's moved motion to enforce the stay. If I'd taken a feel of that, it would have taken way too much time to get expired. Thank you, Mr. Rowe, you reserve some time for rebuttal. We'll hear from Mr. Maranda. Good morning, Your Honors, Dean Mirandi from Carleton Fields here on behalf of the Appley-Wells Fargo Bank. I'll start with the first issue the court raised in the first issue in our brief, which is Ms. Rowe's failure to challenge the basis, the stated basis of the district court's order, despite having an opportunity to do so. The court's case law stating that the issue must first be raised in the district court for it to be preserved for appeal is legion and well settled. As the court noted, we cited the McBride versus McMillan case demonstrating that in circumstances when an issue appears potentially for the first time on the face of a district court order, and there's an opportunity to move for reconsideration, reconsideration must be sought in order to preserve the issue for appeal. That case is unpublished, isn't it? It is unpublished, correct. It is nothing more than an unpublished decision, that's right. So we're not bound by Bride versus McMillan, especially if the circumstances are different here. Can you cite a case where there's a note of withdrawal waived the right to present an argument? The McBride case is the closest we have to authority on that issue. I think it would be in the court's discretion regardless, but we cited the first district's case, which is also just kind of a general statement stating that reconsideration must be moved for. And it makes sense as a proposition of law that when an error appears for the first time on the face of a district court order, and there's every opportunity to move for rehearing, it would be on the appellant to move for rehearing or reconsideration on that issue in order for it to be reserved. Because the district court did not have an opportunity to address the issue of whether it had made an error in relation to the application of the Rooker doctrine. Is Mr. Rowe correct that in the state court proceedings you've been assuming that no is in place while also requesting to end the stay in the bankruptcy court? Sort of. With regard to the third DCA, they have the established case law starting from shop in the grove and recently affirmed from decisions that Mr. Rowe filed in the notice of supplemental authority. In the third DCA, that court has determined that when the debtor is the appellant in an appeal, the automatic bankruptcy stay does not apply. So we had no need when the final judgment of foreclosure was entered and it was appealed by Mrs. Rowe and Mr. Rowe. The third DCA is clear that the automatic bankruptcy stay does not apply there. However, we still had the foreclosure bankruptcy judgment, which is enforceable and final regardless of whether there's a pending appeal. And of course, we wanted to move forward with the foreclosure sale. However, in that instance, the automatic stay does apply, which is why we went to the bankruptcy court to seek relief to move forward with the sale. We sought relief and we obtained relief. So what's the status of the property right now? I believe the property is awaiting sale. There's other issues in relation to Mr. Rowe's bankruptcy and other issues. So I believe it's pending at this point. So in relation to the waiver issue, just to wrap that up, in the reply brief, we did not hear any reason as to why that waiver rule would apply in this circumstance. Now we're hearing that Mr. Rowe says the second exception to the rule for preservation. And I think he was referring to the access now decision where it lays out five potential exceptions. Mr. Rowe is now saying that the second exception applies. Well, the second exception states that there's no opportunity to raise the issue in the district court. Well, here, clearly there was an opportunity. Indeed, Mr. Rowe filed a motion for reconsideration on behalf of Ms. Rowe. So there was clearly an opportunity. And I think that's a certain things. The issue is that all the courts that have addressed these issues, the state trial court, the state appellate court, the bankruptcy court, and the district court by two different judges disagree with the arguments that Ms. Rowe is making. That does not mean Ms. Rowe did not have an opportunity to make those arguments. So we believe that the issue is not preserved. Moving on to the second issue, which is whether we even have jurisdiction under the All Writs Act because there's other avenues for relief available. And again, as Your Honor pointed out, these issues were also raised in the consolidated appeals that were recently addressed by the argument for not having other avenues for relief are that these other avenues for relief are not granting him and her the relief they're seeking. And that's not a basis to avoid the fact that there are other avenues for relief. There are other courts of competent jurisdiction that have ruled on the issues that he has raised. There is no jurisdiction to collaterally attack those rulings by initiating an entirely separate proceeding. And then the basis for that is that we disagree with the rulings made by these other courts. So there's no relief under the All Writs Act, no jurisdiction under the All Writs Act because there are other avenues for review. Similarly, another reason why there lacks jurisdiction under the All Writs Act is that there's no independent jurisdictional basis for relief under the All Writs Act in this case. The All Writs Act does not grant or create any substantive federal jurisdiction. It is there to use the jurisdiction already apparent from another action in order to further federal jurisdiction, not to create federal jurisdiction. And the only argument we saw in the reply brief is that, well, this involves bankruptcy issues, so it involves federal law. Well, that's not what the issue means in relation to having to have a jurisdictional basis to utilize the All Writs Act. A couple of other issues that I wanted to raise, even though we didn't get much into the merits of the underlying arguments, the second requirement for jurisdiction under the All Writs Act is that the right to the issuance of the writ is clear and indisputable. So in this case, Mr. O is primarily arguing that the third DCA did not have jurisdiction to determine whether the automatic stay applied in that instance. Well, we've cited numerous cases in our brief demonstrating the idea that state courts have concurrent jurisdiction with the bankruptcy courts to determine the stay. And that's exactly what happened here. Now, a little bit of the procedural history may be helpful to understand really the basis for this argument. Ms. Rowe filed for bankruptcy. After Ms. Rowe filed for bankruptcy, she filed her initial brief in the third DCA. And then only after that did she move for an extension and alternatively a stay while the bankruptcy proceeding is going forward. So I think she understood that there was no stay based on the third DCA's case law. It was only when it became clear that the third DCA was not going to grant any sort of stay that she then argued that the third DCA has no authority to determine whether the stay is granted. Let me see if I understand this correctly. When she came into federal court, the state court proceedings had not ended, right? The appeal had not ended. The final judgment had already been entered. The appeal was a proceeding in state court. Yes. So it was still, and haven't we made it clear that Rooker-Felman doesn't apply when the proceedings in the state court have not ended? Didn't we make that clear in Nicholson versus Shea? Yes, you did, your honor. Yes. So I guess the question is, that's the reason why we have not attempted to argue to support that basis for the district court. And we're arguing that the record supports numerous other bases to support the district court's decision. In this case, the only reason for the dismissal of the district court's order was Rooker-Felman. That's correct. That was the only stated basis in the district court's order dismissing the All-Writs petition. So that's correct. Shouldn't we send this back to the district court to determine the broader subject matter jurisdiction question? Here, I would say no, because the record supports numerous other bases to affirm the district court's decision. On the undisputed record, we've got waiver issues and we've got there is no jurisdiction under the All-Writs Act. So under this court's precedent that you can affirm for any reason supported by the record, there would be no reason to remand on that basis. It would be further proceedings in an already overly multiplied, what should be a discretionary case. So that's our position. And clearly, obviously discretionary, but we believe the court should exercise its discretion to affirm the district court's judgment on any one of these bases that are supported by the record and supported by the undisputed evidence. And even if we get to the merits of the argument, the case law is clear that the third district court of appeal, the Florida appellate court had jurisdiction to determine whether the automatic stay applied in this case. And that's all it did. They didn't violate the automatic stay. Wells Fargo didn't apply, didn't violate the automatic stay by following the third district court's orders. So there's no basis for any of the arguments by Mr. and Mrs. Rowe that you can't violate an automatic stay when you have a court compelling you to act in a particular way. The odd procedural posture in this case is strictly the result of Mrs. Rowe determining that she disagrees with the rulings of other courts of competent jurisdiction. This is a collateral proceeding for an all writs act. And I don't think it would conserve judicial resources to remand for the district court to address these issues when all the law and the undisputed facts are before the court. Sorry, it sounds like we're having some sound troubles. Could the district court, could Judge Scola address these issues if we made it clear, I'm not saying we're going to do this, but if we made it clear that this case couldn't go forward, could he address those issues on a reconsideration? The issues in terms of the issues that have been briefed before this court? Right, so it's my understanding that the same claims have been raised by the Rowe's in that action in the appeal of the bankruptcy court order and in this case. That's been my understanding. Is that incorrect? That's almost the same. If you actually, actually, Mrs. Rowe's motion to judicial notice of that order is still pending, but if the court is prepared to discuss that order, essentially, yes, to a certain extent. The district court, Judge Scola determined that the issues related to Mrs. Rowe's collateral attacks on the judgment are barred by claim preclusion and basically the remainder of the issues are barred from claim slitting because she first sought to have those issues adjudicated here. Right, okay, that answer the question? I think so. Okay, so again, and again, we're in this situation because Mrs. Rowe chose not to follow the established legal procedure and instead sought to collaterally attack the rulings where she already knew that she was going to not and collaterally attack those rulings through an Allred's petition. So, unless the court has any further questions in relation to the issues on appeal or any record issues, Wells Fargo would ask that the district court's order of dismissal be affirmed. All right, thank you, Mr. Miranda. Mr. Rowe, you deserve some time for rebuttal. Yes, Your Honor, we do ask the court to remand this case back to give us a chance to proceed with our writ of petition for writ regarding the issue of the state violations and the need to have a the state appellate court void ab initio as per the law as well as we seek our remedy under section 362 subsection k for damages regarding the state violations. I noticed that in the national medical and an appeal was going on in the third district court of appeal in Florida, and one of the parties went to the third DCA and said, you know, there's this bankruptcy case that we think there should be a stay on this appeal in the third DCA, and so they asked first before there was any violation. Of course, they didn't violate anything. The third DCA came back with, well, we know we have to recede from shop in the grove case. However, we have to follow it right now. So your request for acknowledging the bankruptcy stay in Pennsylvania is denied. So I think we have a real problem, and in the national medical imaging case, the judge writing the opinion said that the shop in the grove case has caused a lot of confusion and potential for mischief because of its contrary decision to the great weight of authority, and we're one example of where we've been caught up in a decision. Now in national medical imaging, the court says that they should recede from it. Of course, they need to hear that en banc in order to do that. So maybe the third DCA is going to come into alignment with the other district courts of appeal in Florida, which all recognize the bankruptcy stay. Even this court recognizes the bankruptcy stay as in the north Ellison versus Northwest engineering cited in the brief where you all said, we're going to stay ourselves on this appeal until the bankruptcy court concludes and advises us that, you know, that proceeding's finished. So there shouldn't be any dispute anymore about the stay applying to the third district court of appeal, and the statements about the Judge Scola decision are not true because the issues in that case do not overlap with this case because this case actually started in August of 26 of 2019 when we filed it with Judge King, the petition for writ, and we filed on the basis that we were left in this dilemma with no remedy, no adequate expeditious remedy, because in the meantime, because they had the third DCA appeal and then take this PCA from the third DCA that had no opinion and file it immediately with the state trial court and set the home for sale. They were able to do that because of their violations and because of what happened with the third DCA's part as well. So anyway, we August 26 to deal with that situation. We consider it an urgent situation, and it was filed before we ever took any appeals of the three orders from Judge Crystal in the bankruptcy court. So the issues in Judge King's court are separate from the issues in Judge Scola's court, and I think that the Judge Scola case should be noted that that's not final anyway. That's still pending possible motion for reconsideration and appeal. Counselor, your time has expired. Thank you. Thank you, Mr. Rowe and Mr. Morandi.